# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHIL CAMPBELL,<br><br>            Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | Case No.: 1:15-cv-01761 - JLT<br><br>ORDER TO PLAINTIFF TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED AND HIS APPLICATION TO PROCEED IN FORMA PAUPERIS SHOULD NOT BE DENIED FOR FAILURE TO COMPLY WITH THE COURT'S ORDER |

Phil Campbell initiated this action for judicial review of the administrative decision denying his application for Social Security benefits by filing a complaint and a motion to *proceed in forma pauperis* on November 19, 2015.  (Docs. 1, 3)  The Court may authorize the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).

The Court reviewed Plaintiff's application and found the information provided was insufficient to determine whether Plaintiff satisfies the requirements of 28 U.S.C. § 1915(a). Accordingly, Plaintiff was ordered to file an amended motion to proceed in forma pauperis no later than December 7, 2015. (Doc. 4 at 2)  In addition, the Court cautioned Plaintiff that "failure to comply with this order may result in denial of his application to proceed *in forma pauperis*."  (*Id.*) To date, Plaintiff has failed to respond to or otherwise comply with the Court's order.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, **within 14 days**, Plaintiff is **ORDERED** to show cause in writing why sanctions should—up to and including dismissal of the action—not be imposed for his failure to comply with the Court's order. Alternatively, he may file an amended motion to proceed in forma pauperis or pay the filing fee within 14 days.

IT IS SO ORDERED.

Dated: **December 17, 2015**         **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE