**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PHIL CAMPBELL,<br><br>        Plaintiff,<br><br>   v.<br><br>CAROLYN COLVIN,<br>Acting Commissioner of Social Security,<br><br>        Defendant. | Case No.: 1:15-cv-01761 - JLT<br><br>ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDER |

Phil Campbell initiated this action by filing a complaint on November 19, 2015, seeking judicial review of the decision to denying his application for Social Security benefits. (Doc. 1) On December 29, 2015, the Court entered its Scheduling Order, setting forth the applicable deadlines. (Doc. 10) Pursuant to the Scheduling Order, the parties exchanged their confidential briefs, with Defendant serving the Commissioner's response on September 29, 2016. (Doc. 18)

In the Scheduling Order, the Court ordered Plaintiff to file an opening brief addressing "each claimed error" by the administrative law judge "within thirty (30) days of service of respondent's response." (*See* Doc. 10 at 2; *id.* at 4, explaining the applicable briefing deadlines) Accordingly, Plaintiff was to file his opening brief in this action no later than October 31, 2016.[1] Plaintiff did not do so.

---

[1] The deadline of October 29, 2016 fell on a Saturday. As a result, Plaintiff's opening brief was to be filed no later than Monday, October 31, 2016.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause within fourteen days of the date of service of this Order why the action should not be dismissed for his failure to prosecute or to follow the Court's Order, or to file an opening brief.

IT IS SO ORDERED.

Dated:   **November 1, 2016**                **/s/ Jennifer L. Thurston**
                                              UNITED STATES MAGISTRATE JUDGE